### THE L. R. CONNETT NO. 17.
### THE MARION MORAN.
### THE TALISMAN.
### THE PATCHOGUE.
### THE CUTCHOGUE.
### THE CHAUNCEY M. DEPEW.
### No. 83.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

Bigham, Englar, Jones & Houston, of New York City (Leonard J. Matteson and Andrew J. McElhinney, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for Long Island Tugs.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel) for the tug Moran.

Barry, Wainwright, Thacher & Symmers, of New York City (John C. Prizer, of New York City, of counsel), for L. R. Connett & Co.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

We find no reason to upset the findings of fact of the District Judge as to what happened on the night in question. While it seems indeed somewhat strange that the tide without the aid of any northwest wind should have swept the floats along the Brooklyn shore, nothing makes it impossible, and the issue was one on which the findings below should certainly prevail. Also as to the seamanship of the tug masters, the testimony being again conflicting, we are not disposed to intervene. The situation called for immediate action, and, if the tug masters did not choose the best course, it was at least the best as they supposed. They were men of experience, and their judgment then exercised is as likely to have been right as that of their fellows called at the trial, who spoke as experts and judged without the disturbing pressure of immediate danger. That the Marion Moran adopted a hazardous maneuver also appears to us true. There was no occasion for her to round the bows of the flotilla, drifting in the ebb, and apparently out of control. Had she waited till it had passed, she might safely have gone to her berth. Assuming with the judge that the collision happened on the flotilla's way down stream, and that the floats were obviously near the shore, it was a hazard to moor the lighter so close to their path, and the tug became responsible for the resulting collision. Again, we are faced with a dispute of fact as to which we are not in as good position on the cold record as the judge who faced the witnesses.

We think that the Depew should be exonerated. A nice question is nearly though not quite raised; that is, whether, had the Moran moored the lighter at the pier end and left her, the Depew could have argued that the extravagance of the Moran's negligence in so doing should excuse her. The duty being to all moored vessels, it might be argued that the foreseeability of the events which brought the lighter into that class was not relevant. But the Moran was still standing by; indeed, there is some doubt whether the lighter was in fact yet tied up. At any rate we see no reason to distinguish the situation from a collision in midstream while the Moran was crossing the end of the flotilla. The Depew had no reason to apprehend damage to ordinary vessels in tow; the flotilla was only adrift, and there was no relative motion between it and other craft. Perhaps she was called upon to consider the possibility that other tugs, faced with so large a floating mass, might be at fault in their own navigation. We may assume that in the event of ordinary faults she would be jointly liable with them. But the class to which her duty ran did not include those tows whose tugs disregarded every rule of prudence; at most she was bound to anticipate no more than those derelictions to which all men are prone. The fault of the Moran seems to us to go further than that, to be more extravagant than any one in the Depew's place should be called upon to forecast. We do not therefore discharge her because of an intervening fault, but because of the unlikelihood that so unusual a fault should have intervened. The fact that it was a fault at all we may ignore; it is enough that the injury was to an interest which was beyond the horizon of ordinary foresight.

Decree modified by exonerating the Depew.